Caruthers J.,
delivered the opinion of the Court.
*364 This action was commenced by attachment issued by a justice of the peace of Shelby county, by the defendants in error, against the plaintiff in error, for a debt of $444 98. It was returned to the Circuit Court, where a declaration was filed, pleas entered, &e. The proceedings are very much complicated by questions on imparlance, pleas in abatement, demurrers, replications, amendments, entries nunc pro tunc, and agreements of counsel. We shall not consider it necessary to notice all the points made in argument, but dispose of the case upon a few questions raised by the record, which it may be important for the practice to settle.
By the so-called plea in abatement, the question is made, whether an attachment will lie in this State where loth parties are non-residents. The original attachment act of 1794, did not allow it in such cases, as has been often ruled. 1 Meigs’ Dig., sec. 155. One of the parties, at least, must be a citizen. It was extended to such cases in equity by the act of 1835, ch. 43. But that act did not apply to Courts of law, nor is there any statute to that effect, unless it be that of 1851 — 2, ch. 177, sec. 2:
“ That, justices of the peace in this State shall have jurisdiction to issue attachments in favor of creditors, whether residents or non-residents of this State, against the property and effects of absconding or removing nonresident debtors, returnable before a justice of the peace, if for an amount within his jurisdiction, if not, then to the Circuit Court, in the same manner that attachments now by law issue against absconding or removing debtors.”
It is very clear that the plaintiffs may be non-resi *365 dents by all the acts, but may the defendants be so likewise? that is, will it lie where both are non-residents. If that be so, then the plea in abatement is bad, and should have been so held on the demurrer. The attachment acts being contrary to the course of the common law, were at first strictly construed by the Courts, but finding they were great favorites of the Legislature, the rule of construction was changed, and the course of the Courts now, is to enforce this remedy so broadly as to carry out the intention of the Legislature fully and effectually.
By the last act, this process is to be issued in favor of cither a resident or non-resident creditor. But that was so before, and against whom may he issue it if the creditor be non-resident, is the question. The statute says “against the property and effects of absconding or removing non-resident debtors.” How can a non-resident be absconding or removing. The word “or,” or “and,” is omitted in the sentence, and must be supplied or understood, to make sense. It would then read, “ absconding or removing, or non-resident debtors.” It cannot be doubted that the Legislature intended the largest power, and there is no good reason in view of their cherished policy on that subject, why this should not be so. It follows from this construction, that the magistrate had authority to issue the attachment, and if so, the plea, if it were good in form, which it is not, was no defense, and there was error in overruling the demurrer to it. That will be reversed, and the demurrer sustained. But the judgment will be, that the defendant answer over to the merits. This renders it unnecessary to examine the other *366 questions made, and must result in a reversal. The cause will be remanded, with liberty to defendant to plead in bar.